UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENISE BAKER,

    Plaintiff,

v.                                Case No. 8:25-cv-1060-KKM-TGW

CLEAR BLUE INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Clear Blue Insurance Company removed this breach of contract action from state court. Notice of Removal (Doc. 1). The notice of removal failed to demonstrate the presence of diversity jurisdiction, and I ordered Clear Blue to address three deficiencies. (Doc. 10); *see Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). First, Clear Blue did not identify its principal place of business. For the purposes of diversity jurisdiction, a corporation "is a citizen 'of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" (Doc. 10) (quoting 28 U.S.C.

§ 1332(c)(1)). But the notice of removal alleged that Clear Blue is a "citizen of Texas" only because Clear Blue is "an incorporated entity under the state laws of Texas." Notice of Removal ¶¶ 5–6.[1] Second, Clear Blue alleged that Baker is a "citizen of Florida" because Manatee County Property Records reveal that the property at issue "has been [Baker's] residence since 2003." Notice of Removal ¶ 10. Clear Blue, though, failed to attach the property records "or any other evidence indicative of [Baker's] domicile." (Doc. 10). Third, for purposes of establishing the requisite amount-in-controversy, Clear Blue cited Baker's "Property Insurance Notice of Intent to Initiate Litigation." Notice of Removal ¶¶ 14–15. But Clear Blue failed to attach this document too. *See* (Doc. 10).

In response to the order, Clear Blue produced Baker's Property Insurance Notice of Intent to Initiate Litigation and a quitclaim deed from 2003 listing Baker's Florida address. (Doc. 11-1) at 64–82. The Notice of Intent sufficiently details

---

[1] Although not identified by the previous order, the Notice of Removal is also insufficient as to Clear Blue's place of incorporation. The complaint alleges that Clear Blue is a Florida corporation, Compl. (Doc. 1-1) ¶ 2, and Clear Blue does not present any evidence to the contrary. Instead, Clear Blue offers only a contradictory allegation. Notice of Removal ¶ 5. When the state court complaint contains an allegation that, if true, would negate the defendant's theory of federal subject matter jurisdiction, the defendant must provide evidence that disproves the conflicting allegation. *Cf. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("[B]ecause plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, defendant, to establish removal jurisdiction, was required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the jurisdictional amount]." (emphasis in the original)).

Baker's claimed damages, which exceed $75,000. *See id.* at 66–82.

But Clear Blue still fails to demonstrate that the parties are of diverse citizenship. Clear Blue's supplemental memorandum repeats the error of the Notice of Removal by failing to identify Clear Blue's principal place of business. *Compare* Notice of Removal ¶¶ 5–6 ("Clear Blue is and was at the time of the filing of the Complaint, an incorporated entity under the state laws of Texas. . . . Hence, Clear Blue is a citizen of Texas, and not a citizen of Florida."), *with* (Doc. 11) ¶ 4 ("Clear Blue is and was at the time of the filing of the Complaint, an incorporated entity under the state laws of Texas. Clear Blue is a citizen of Texas, and not a citizen of Florida."). The order clarified the need for a corporate party to state both the place of incorporation and principal place of business. (Doc. 10); *see* 28 U.S.C. § 1332(c)(1); *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318 (11th Cir. 2024) ("A corporation is a citizen of its state or foreign country of incorporation and principal place of business."). Therefore, despite a second opportunity, Clear Blue again fails to prove its citizenship.

Clear Blue also fails to provide sufficient evidence of Baker's citizenship. The attached record identifies Baker's "address" in 2003 as the same address of the insured property at issue in this case. *See* (Doc. 11-1) at 64–66. Although consistent

3

with domicile in Florida, this record does not establish, on its own, that Florida is Baker's "true, fixed, and permanent home and principal establishment" to which Baker "has the intention of returning whenever [she] is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (per curiam) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). In other words, the record does not negate the possibility that Baker owns property in Florida and is elsewhere domiciled. As a result, Clear Blue has not proven Baker's citizenship.

Because Clear Blue fails to establish diversity jurisdiction, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 9, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

4